UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAMELA SUE DESIR, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00828-JRS-TAB |
| | ) | |
| U.S. BANK TRUST NATIONAL | ) | |
| ASSOCIATION solely as owner Trustee for | ) | |
| RCAF Acquisition Trust, | ) | |
| US BANK TRUST NATIONAL | ) | |
| ASSOCIATION, | ) | |
| JOHN MORGAN HAUBER, | ) | |
| LOANDEPOT.COM, LLC, | ) | |
| SELENE FINANCE LP, | ) | |
| | ) | |
| Appellees. | ) | |

**Order Affirming Bankruptcy Court's Order**

Appellant Pamela Sue Desir, proceeding *pro se*, appeals from several orders issued by the bankruptcy court in her now-dismissed Chapter 13 bankruptcy case. *See* Cause Nos. 1:25-cv-481-JRS-MG; 1:25-cv-482-JRS-MKK; 1:25-cv-764-JRS-CSW; 1:25-cv-765-JRS-MG. Here, Desir appeals from the bankruptcy court's order denying Desir's motion for relief from the order that dismissed her bankruptcy case. (Notice Appeal, ECF No. 1.) For the following reasons, the bankruptcy court's order is **affirmed**.

## I.    Background

Desir, proceeding *pro se* before the bankruptcy court, filed a voluntary petition for Chapter 13 bankruptcy in September 2024. (Pet., ECF No. 7-2 at 1.) As required, Desir submitted several schedules that identified her assets and liabilities. (*See* ECF

1

No. 7-2 at 13–47.)  At a high level, Desir valued her assets at $861,416 and her liabilities at $17,884.  (Off. Form 106Sum, ECF No. 7-2 at 13.)  Desir identified mortgages on four real properties; however, she disputed all creditors' claims related to the mortgages and valued each of these claims at $0.00.  (Schedule D, ECF No. 7-2 at 29–30.)  Several creditors, including the mortgage holders, filed proof of their claims, to which Desir objected.  (*See* Objs., ECF No. 7-3 at 12–71.)

Desir proposed an original and an amended Chapter 13 plan.  (*See* Ch. 13 Plan, ECF No. 7-2 at 61–72; Am. Ch. 13 Plan, ECF No. 7-2 at 75–81.)  In both plans, Desir proposed to pay the Bankruptcy Trustee ("Trustee") $100 per month for sixty months.  (*See* Ch. 13 Plan, ECF No. 7-2 at 61; Am. Ch. 13 Plan, ECF No. 7-2 at 76.)  The Trustee and several creditors objected to Desir's initial and amended Chapter 13 plan for many reasons, including Desir's failure to provide for repayment of the real estate claims that Desir contested and valued at $0.00.  (*See* ECF No. 7-2 at 73–74, 82–84, 85–87, 94–96, 115–17, 121–22.)  In addition to these objections, two of the mortgage holders filed motions for relief from Chapter 13's automatic stay for several reasons, including Desir's failure to make required "adequate protection" payments.  (Jan. 28 Tr. 7:18–8:3, ECF No. 8; *see also* Docket 6, ECF No. 7; Mot. Relief Stay, ECF No. 7-2 at 126–29.)

The bankruptcy court held a hearing on January 28, 2025, to address Desir's proposed Chapter 13 plan, the various objections, and the motions for relief from the automatic stay.  (*See, e.g.*, Order Setting Hr'g, ECF No. 7-2 at 118; Jan. 28 Tr., ECF No. 8.)  The bankruptcy court granted Desir another opportunity to file an

appropriate Chapter 13 plan, concluding that "none of the things in [the current] plan satisfy the requirements of a Chapter 13 plan." (Jan. 28 Tr. 4:18–20, 21–23, ECF No. 8.)    The bankruptcy court also ordered Desir to make the required adequate protection payments to the two mortgage holders, or else the bankruptcy court would likely grant the mortgage holders' motions for relief from the automatic stay. (*Id.* 9:19–22.)

The same day, the Trustee moved to dismiss Desir's bankruptcy case because Desir failed to make the required $100 monthly payments to the Trustee. (Trustee's Mot. Dismiss, ECF No. 7-3 at 109–10.) The motion to dismiss included a notice of objection deadline, which provided that "any objection to this motion must be filed with the [Bankruptcy] Court within twenty-one (21) days." (*Id.* at 109.) The notice further stated that "[i]f no objection is timely filed, an order may be entered by the [Bankruptcy] Court for the relief requested." (*Id.*) Desir failed to object or otherwise respond to the Trustee's motion to dismiss within twenty-one days. Accordingly, the bankruptcy court dismissed Desir's bankruptcy case on March 5, 2025. (Order Dismissing Case, ECF No. 7-4 at 212–13.) Desir timely filed a Motion for Relief from Order of Dismissal, ("Motion"), asserting that her bankruptcy case should be reopened because she caught up on the delinquent payments to the Trustee. (Mot. Relief Order Dismissal, ECF No. 7-4 at 216–19.)

The bankruptcy court heard and orally denied Desir's Motion on April 22, 2025. (Apr. 22 Tr. 4:2–3, ECF No. 10.) The bankruptcy court explained that Desir failed to file an amended Chapter 13 plan by March 19 as required by its previous order. (*Id.*

3

2:14–22.)  Moreover, Desir failed to address any creditor's claim or suggest how she might repay them.  (*Id.* 3:6–7.)  And despite the bankruptcy court's order directing Desir to make adequate protection payments to the mortgage holders, Desir failed to "pa[y] a penny on any of these mortgage claims since th[e] case [was] file[d]."  (*Id.* 3:7–13.)  The bankruptcy court acknowledged that Desir contested the creditors' claims, although, in the bankruptcy court's view, the creditors filed "prima facie good claims."  (*Id.* 3:20–4:1.)  Moreover, the bankruptcy court explained that Desir's objections had been stricken for improper filing and, regardless, "the place to litigate [those defenses] is in state court."  (*Id.* 2:25–3:2, 3:18–19.)  Though Desir explained that she had since paid her delinquent $100 payments to the Trustee, the bankruptcy court stated that "those [payments] aren't what counts."  (*Id.* 4:16–18.)  The bankruptcy court concluded that there was "no reason to reopen th[e] case."  (*Id.* 4:1–2.)

The bankruptcy court followed its oral ruling by issuing a short, three sentence order summarily stating that Desir's Motion was denied.  (Order Denying Mot. Relief J., ECF No. 7-4 at 257.)  Desir appeals from that order.  (Notice Appeal, ECF No. 1.)

## II.    Jurisdiction & Standard of Review

Under 28 U.S.C. § 158(a), the Court has jurisdiction to review decisions of the bankruptcy court.  Generally, the Court reviews the bankruptcy court's legal conclusions de novo and its factual findings for clear error.  *In re Berman*, 629 F.3d 761, 766 (7th Cir. 2011).

Here, however, Desir appeals the denial of her motion seeking relief from the bankruptcy court's order dismissing her bankruptcy case. (Notice of Appeal 1–2, ECF No. 1.) Motions for relief from judgment or order are governed by Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60. Fed. R. Bankr. P. 9024. Rule 60 allows the Court to relieve a party from a final judgment for reasons including mistake, newly discovered evidence, fraud, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "In reviewing a [bankruptcy] court's decision to deny relief under Rule 60(b), [the Court] appl[ies] an 'extremely deferential' abuse of discretion standard." *Eskridge v. Cook County*, 577 F.3d 806, 808–09 (7th Cir. 2009) (quoting *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004)). "Because relief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances,' a [bankruptcy] court abuses its discretion only when 'no reasonable person could agree' with the decision to deny relief." *Id.* at 809 (quoting *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)).

Additionally, "it is canonical that an appeal from the denial of a motion under Rule 60(b) does not allow the [Court] to address the propriety of the original judgment." *Bell v. McAdory*, 820 F.3d 880, 883 (7th Cir. 2016) (citing *Browder v. Dir., Dep't of Corrs.*, 434 U.S. 257, 263 n.7 (1978) ("an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review")). Therefore, "[t]he only question raised in a Rule 60(b) appeal is whether the [bankruptcy] court abused its discretion by refusing to grant the extraordinary relief recognized in that rule (and in its

5

bankruptcy equivalent, as applied here)." *Gleason v. Jansen*, 888 F.3d 847, 851–52 (7th Cir. 2018).

### III.    Analysis

The bankruptcy court did not abuse its discretion when it denied Desir's Motion. As discussed above, Desir's Motion is governed by Rule 60(b). *See* Fed. R. Bankr. P. 9024. Disagreement with the merits of the underlying judgment is not grounds for relief under Rule 60(b). *Bell*, 820 F.3d at 883 (collecting cases). Rather, "a litigant has to come up with something *different*—perhaps something overlooked before, perhaps something new." *Id.* Specifically, the bankruptcy court may grant Rule 60(b) relief in six circumstances. *See* Fed. R. Civ. P. 60(b)(1)–(6). It is not clear which of the six grounds Desir meant to invoke in her Motion because she did not cite Rule 60(b), but three could be relevant here: (1) "mistake, inadvertence, surprise, or excusable neglect"; . . . (3) "fraud . . .[,] misrepresentation, or misconduct by an opposing party"; . . . or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Desir does not allege any clerical mistakes for relief under Rule 60(a).

Here, Desir's Motion was not based on any of the grounds specified in Rule 60(b), including the catch-all provision of Rule 60(b)(6). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663 (7th Cir. 2004) ("The . . . court does not abuse its discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief."). As discussed above, Desir's bankruptcy case was dismissed after the Trustee notified the bankruptcy court that Desir failed to pay the Trustee as required. (Trustee's Mot. to Dismiss, ECF No. 7-3 at 109.) In Desir's Motion, Desir did not argue, for example,

6

that the bankruptcy court committed an error of fact or law. *See* Fed. R. Civ. P. 60(b)(1). Nor did she argue any misconduct by the Trustee or her creditors. *See* Fed. R. Civ. P. 60(b)(3).

Rather, Desir requested relief from the dismissal of her bankruptcy case because she paid the Trustee. (Mot. Relief Order Dismissal, ECF No. 7-4 at 216–19.) Desir's Motion clarified that she did not file an objection to the Trustee's motion to dismiss during the prescribed timeframe because she thought that paying the Trustee during that timeframe would "satisfy the delinquency and resolve the Trustee's concerns." (*Id.* at 217.) Consequently, she argues that she "established excusable neglect and presented evidence of mistake or misunderstanding." (Appellant's Br. at 7, ECF No. 13.) However, this is not the type of mistake, inadvertence, or excusable neglect that ordinarily justifies Rule 60(b)(1) relief. *See, e.g.*, *McCormick*, 230 F.3d at 327 (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986) ("This court has held before that 'neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).'")). This is also far from an "exceptional circumstance" that would justify relief under the catch-all provision of Rule 60(b)(6). *See Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (observing that relief under Rule 60(b)(6) is an "extraordinary remedy" and should be granted only in "exceptional circumstances"). Accordingly, the Court finds that a reasonable person could agree with the bankruptcy court's decision to deny Desir's Motion. *See Eskridge*, 577 F.3d at 809. Therefore, the bankruptcy court did not abuse its discretion and its order is **affirmed**.

Rather than end here, however, the Court addresses several of Desir's unpersuasive arguments below.

First, Desir argues that the bankruptcy court violated her due process rights by denying her Motion "without a hearing or explanation." (Appellant's Br. at 16, 18–19, ECF No. 13.)  Not so.  The bankruptcy court held a hearing on Desir's Motion for Relief from Order of Dismissal on April 22, 2025.  (Notice Hr'g, ECF No. 7-4 at 227; April 22 Tr., ECF No. 10.)  During that hearing, the bankruptcy court thoroughly explained its reasons for denying Desir's Motion, including Desir's failure to file a confirmable Chapter 13 plan despite multiple opportunities and to make required payments to certain creditors.  (*See* April 22 Tr., ECF No. 10.)  The bankruptcy court acknowledged that Desir had paid the Trustee, but "those [payments] aren't what count[ed]" for the purposes of Desir's Motion.  (*Id.* 4:16–19.)  The bankruptcy court found "no reason" to reopen Desir's bankruptcy case.  (*Id.* 4:1–3.)  The bankruptcy court was not required to re-explain its reasoning in a separate order.

Next, Desir devotes much argument to the bankruptcy court's failure to address the merits of several matters pending at the time the bankruptcy court denied her Motion.  Specifically, she purports to appeal several Minute Entries/Orders issued the same day that the bankruptcy court orally denied her Motion.  (*See* Notice of Appeal 1–2, ECF No. 1.)  These Minute Orders were directed to several pending matters including responses to Desir's objections to creditors' claims, Desir's objections to creditors' motions for relief from stay, and objections to the confirmation of Desir's amended Chapter 13 plan.  (*See* Docket, ECF No. 7 at 20–21.)  Desir

contends, for example, that the bankruptcy court denied her due process and engaged in "judicial abdication" by failing to reach the merits of these pending matters. (Appellant's Br. 19–22, ECF No. 13.)  However, to the extent these Minute Orders are appealable, Desir's arguments for reversal are unpersuasive.  As Desir herself acknowledges, the bankruptcy court's denial of her Motion "effectively mooted" these pending matters.  (*Id.* at 10.)  Courts may not address the merits of moot issues. Therefore, to the extent these Minute Orders are appealable, the Court finds no error.

To the extent Desir contests the propriety of the bankruptcy court's underlying order dismissing her bankruptcy case, the Court lacks jurisdiction to review that underlying order. *Bell*, 820 F.3d at 883 (citing *Browder*, 434 U.S. at 263 n.7) ("[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review")).  Additionally, to the extent Desir discusses issues raised in her other appeals, the Court will address those issues by separate Order in the appropriate appeal.  (*See* Appellant's Br. at 25–28, ECF No. 13.)

Finally, the Court also finds Desir's remaining arguments—including judicial misconduct, professional violations by attorneys and creditors, fraud on the court, "[s]ystemic due process breakdown," and elder abuse—to be unfounded and unsupported by the record.  Desir chose to proceed *pro se* despite her misunderstanding of the rules and procedures of bankruptcy, and despite warnings from the bankruptcy court throughout the proceedings.  (*E.g.*, Jan. 28 Tr. 4:4–5 ("This is a huge mess, and I don't think you understand what you are doing[.]), 8:2–3 ("You would know that if you had a lawyer.  I explained that to you the first day you were

9

in here."), ECF No. 8.)  It seems that many, if not all, of Desir's challenges to the bankruptcy court's decision stem from her misunderstanding of the bankruptcy rules and procedures.  This does not render the bankruptcy court's rulings against her erroneous.

## IV.   Conclusion

For the foregoing reasons, the bankruptcy court's order denying Desir's Motion for Relief from Order of Dismissal is **affirmed**.

**SO ORDERED.**

Date: _____3/16/2026_____

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

PAMELA SUE DESIR
3563 Insignia Court
Indianapolis, IN 46214

Nathan Alexander Dewan
Doyle & Foutty, P.C.
ndewan@doylefoutty.com

Joshua Isaac Goldman
Padgett Law Group
josh.goldman@padgettlawgroup.com

Jon Jay Lieberman
Sottile and Barile, LLC
bankruptcy@sottileandbarile.com

Jessica S. Owens
DOYLE & FOUTTY PC
jowens@doylefoutty.com

Molly Slutsky Simons
The Manley Law Firm LLC
amps@mdklegal.com

Dylan Dean Smith
Sottile & Barile, LLC
dylan.smith@sottileandbarile.com